UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:15-cr-00162-JAW-1 |
| | ) | |
| | ) | |
| JOSHUA DUNSTON | ) | |

**ORDER ON MOTION TO AMEND JUDGMENT TO WAIVE RESTITUTION**

Based on asserted financial hardship, the Defendant moves to amend the judgment in this child pornography possession case to eliminate the restitution requirement. The Court concludes that the statute mandates restitution and forbids a court from considering a defendant's economic circumstances in issuing the restitution order. The Court therefore denies the motion.

I. BACKGROUND

On March 28, 2016, this Court sentenced Joshua Dunston to 121 months of incarceration, no fine, supervised release for life, a $100 special assessment, and $13,000 in restitution for his possession of child pornography depicting a minor under the age of twelve, a violation of 18 U.S.C. § 2252A(a)(5)(B).[1]  *J.* (ECF No. 19).

---

[1]  This is Mr. Dunston's second federal sentencing for a child pornography offense. On December 12, 2006, the Court sentenced Mr. Dunston to 120 months of incarceration, ten years of supervised release and a $100 special assessment for possession of child pornography. *See United States v. Joshua Dunston*, No. 1:06-cr-00040-JAW-1, *J.* (ECF No. 64). Mr. Dunston was on supervised release at the time of his second offense and the Government initiated a revocation of his supervised release on May 12, 2015. *Id. Pet. on Supervised Release* (ECF No. 74). On March 28, 2016, the Court imposed a twenty-four month term of incarceration for his violation of supervised release based on his new criminal conduct. *Id. J.* (ECF No. 112). The 121 month sentence is to run consecutively to the twenty-four month sentence on the revocation petition. *United States v. Joshua Dunston*, No. 1:15-cr-00162-JAW-1, *J.* at 2 ("The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 121 months to be served consecutively with 1:06-cr-00040-JAW").

Specifically, the Court ordered Mr. Dunston to pay restitution in the following amounts to the following victims: (1) $3,500 to "Cindy" at her lawyer's address in Peoria, Illinois, (2) $5,000 to "Sara/Marineland" at her lawyer's address in Seattle, Washington, (3) $1,500 to "Eight Kids" (John Doe 4) at his lawyer's office in Tacoma, Washington, and (4) $3,000 to "Sponge Bob/Andy" at his lawyer's office in Salt Lake City, Utah. *Id.* at 7. Mr. Dunston did not appeal the sentence and the judgment is final.

On July 5, 2018, Mr. Dunston wrote the Court stating that he has "fines and restitution" that he is "unable to make payments on." *Pro Se Mot. to Amend J.* (ECF No. 24). He states that he gets "between $5.25 to $23 per month" and he complains that the Bureau of Prisons has placed him into "refusal status, making my pay $5.25 no matter what till I pay my fine and [restitution]." *Id.* He also says that these payments will be a "major financial burden" upon his release. *Id.* He asks the Court to waive the restitution obligation. *Id.*

On July 9, 2018, the Government responded, objecting to Mr. Dunston's motion. *Gov't's Resp. in Opp'n to Def.'s Mot. to Amend J.* (ECF No. 25). The Government pointed out that not only is restitution mandatory, but it also must be awarded without any consideration of a defendant's specific economic circumstances. *Id.* at 1. Also, the Government said that whatever impact the restitution obligation may have on Mr. Dunston's post-incarceration finances would be better addressed at that time by the supervising officer. *Id.*

II. DISCUSSION

Mr. Dunston is not claiming that the four victims listed in the judgment are not proper victims under the law. Nor is he asserting that the restitution amounts the Court ordered are excessive. Instead, he is claiming that his economic circumstances, while incarcerated and when released, will not allow him to comply with the restitution order, that he is currently suffering adverse consequences from his inability to pay restitution while in prison, and that he fears he will suffer adverse economic consequences upon release.

The statute under which the Court ordered restitution is entitled, "Mandatory Restitution." 18 U.S.C. § 2259. Subsection (a) reads:

> Notwithstanding section 3363 or 3363A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.

18 U.S.C. § 2259(a). The statute further provides:

> (4) Order mandatory.
>
> > (A) The issuance of a restitution order under this section is mandatory.
> >
> > (B) a court may not decline to issue an order under this section because of - -
> > > (i) the economic circumstances of the defendant . . . .

Thus, "[l]ike the [Mandatory Victims Restitution Act of 1996], but unlike the [Victim and Witness Protection Act of 1982], restitution under § 2259 is <u>mandatory</u>, if the requirements of the section are satisfied." *United States v. Kearney*, 672 F.3d 81, 92 (1st Cir. 2012) (emphasis in original). Similarly, in ordering restitution, "[t]he court [is] not permitted to consider [the defendant's] economic circumstances." *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). At its essence, Mr. Dunston is

3

making an economic circumstance argument, an argument not allowed under the restitution statute.

As for what may happen when Mr. Dunston is released, the Court declines to speculate. The Court may not consider Mr. Dunston's economic circumstances regardless of when it issues the restitution order. Also, under the terms of the judgment, the supervising officer will have the ability to determine the amount of repayment, but the repayment figure is "subject to review by the sentencing judge on request by either the defendant or the government." *J.* at 7. If Mr. Dunston wishes to obtain judicial review of the schedule of payments set by the supervising officer upon his release from incarceration, he may do so then, not now.

### III. CONCLUSION

The Court DENIES Joshua Dunston's Pro Se Motion to Amend Judgment to Waive Restitution (ECF No. 24).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2018