UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00162-JAW-1 |
| | ) | |
| | ) | |
| JOSHUA DUNSTON | ) | |

**ORDER ON JOINT AGREEMENT FOR SENTENCING REDUCTION PURSUANT TO AMENDMENT 821**

Pursuant to a joint agreement between the government and a defendant that the defendant is eligible for a sentencing reduction under Amendment 821 of the United States Sentencing Guidelines, the Court reduces the defendant's sentence from 121 to 120 months of incarceration; all other terms of the sentencing judgment remain unchanged.

**I.      BACKGROUND**

On March 28, 2016, the Court sentenced Joshua Dunston for possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(b), to 121 months of incarceration to be followed by a life term of supervised release, no fine, $13,000 in restitution, and a $100 special assessment.[1]  *J.* at 1-5 (ECF No. 19).  On November 15, 2023, the United States Probation Office (PO) issued an Amendment 821 reduction report in which it concluded that Mr. Dunston is entitled to a sentencing

---

[1]     The Court set Mr. Dunston's term of incarceration to run consecutively to a 24-month period of incarceration pursuant to a revocation judgment on 1:06-cr-00040-JAW.  *See J.* at 2; *J.* at 2 (ECF No. 112), 1:06-cr-00040-JAW.  The parties bring the joint motion under only 1:15-cr-00162-JAW-1 presumably because Mr. Dunston has long since served his term of incarceration under the revocation judgment on 1:06-cr-00040-JAW and a reduction would not apply to his sentence under the revocation petition.

reduction under Amendment 821 to the United States Sentencing Guidelines. *Report Pursuant to Am. 821 to the United States Sentencing Guidelines for Eligible Def.* (ECF No. 28). On November 15, 2023, the United States Magistrate Judge appointed counsel to represent Mr. Dunston. *Order Appointing Counsel Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 29). Also on November 15, 2023, the Magistrate Judge issued a sua sponte order, granting counsel twenty-one days to file any objections or modifications to the PO report. *Sua Sponte Mot. for Sentence Modification and Scheduling Order* (ECF No. 30). After the time for a response was extended to April 12, 2024, on January 31, 2024, the Government and Mr. Dunston filed a "Joint Agreement for Sentencing Reduction Pursuant to Amendment 821" and recommended that the Court reduce Mr. Dunston's sentence from 121 to 120 months. *Jt. Agreement for Sentencing Reduction Pursuant to Am. 821* (ECF No. 41). Mr. Dunston waived the right to be present at any court proceeding and the right to appeal the Court's amended judgment. *Id.*, Attach. 1, *Consent to Sentence Reduction* at 1.

II.   **DISCUSSION**

    A.   **Joshua Dunston's Eligibility for an Amendment 821 Reduction**

To rule on the parties' motion, the Court must first confirm that Mr. Duntson is eligible for a sentencing reduction. Part A of Amendment 821, which is the amendment referred to by the PO and the Magistrate Judge, is United States Sentencing Guideline (U.S.S.G.) § 4A1.1(e). This provision changes the number of points added to a defendant's criminal history score if the defendant committed the

new offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). In 2016, when Mr. Dunston was sentenced, the Guidelines provided for a two-point increase in the defendant's criminal history score in such situations under then U.S.S.G. § 4A1.1(d). Amendment 821 eliminated former § 4A1.1(d) and replaced it with U.S.S.G. § 4A1.1(e), which instructs courts to add only one point to a defendant's criminal history score if both of the following conditions are met: 1) the defendant already received seven or more criminal history points; and 2) the defendant committed the instant offense while under a criminal justice sentence. As such, Amendment 821 both reduced the number of points added if the defendant committed the instant offense while under a criminal justice sentence and imposed an additional condition on the assignment of points.

Part A of Amendment 821 is retroactive. U.S.S.G. § 1B1.10(d). When a retroactive amendment to the Sentencing Guidelines is enacted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b). If the amended guideline range is lower than a defendant's original guideline range, "the court may reduce the defendant's term of imprisonment." *Id.* § 1B1.10(a). In comparing the amended guideline range to the original guideline range, the court must examine the guideline ranges "determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 application note 1(A).

3

When the Court sentenced Mr. Dunston in 2016, it found that he had committed the instant offense while under a criminal justice sentence. Therefore, two points were added to his criminal history score, increasing his total number of criminal history points from three to five. As a result, Mr. Dunston's criminal history category was III. Under U.S.S.G. § 4A1.1(e), however, Mr. Dunston's criminal history score would include no additional points because he did not have seven or more criminal history points. Therefore, Amendment 821 reduces Mr. Dunston's criminal history score from five to three, lowering his criminal history category to II.

Mr. Dunston's guideline calculation, however, was and is limited by the statutory minimum sentence of 120 months. *See* 18 U.S.C. § 2252A(b)(2). Under the Court's original guideline findings, Mr. Dunston would have faced a guideline sentence range of 97 to 121 months but for the 120-month statutory minimum sentence. *See Statement of Reasons*, Attach. 1, *Findings Affecting Sentencing* at 1-3 (ECF No. 20). Taking into account the statutory minimum, Mr. Dunston's guideline sentence was 120 to 121 months. *Id.* The Court's sentence of 121 months, therefore, represented the high end of an extremely narrow guideline sentencing range.

Once Amendment 821 is applied, Mr. Dunston's newly calculated sentencing guideline range would be 87 to 108 months; however, as the statutory minimum of 120 months trumps the guideline, the guideline sentence is 120 months. Because Mr. Dunston's amended guideline range is lower than his original guideline range, U.S.S.G. § 1B1.10(a) allows the Court to reduce his term of imprisonment.

4

### B.    Application of Amendment 821 to Joshua Dunston

The difference between 121 and 120 months of incarceration is significant to Mr. Dunston and well within the Court's proper range of discretion in determining his overall sentence. In other words, the Court is dubious that the one month of additional incarceration under the current sentence would accomplish a meaningful penological goal.

Under U.S.S.G. § 1B1.10, application note 1(b)(iii), the Court may consider a defendant's post-sentencing conduct in determining whether a reduction is warranted. Mr. Dunston's time in prison has not been perfect, but the Court is hopeful that a one-month reduction in his term of incarceration will encourage Mr. Dunston to return to society a productive and crime-free citizen.

### III.   CONCLUSION

Pursuant to U.S.S.G. §§ 4A1.1(e) and 1B1.10(d), the Court ORDERS that Joshua Dunston's term of incarceration be reduced from 121 months to 120 months in 1:15-cr-00162-JAW, such term of incarceration to be consecutive to the 24-month sentence in 1:06-cr-00040-JAW, and all other terms of the judgment to remain unchanged.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2024